# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIPRIANA BAEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>  Defendant. | Case No. 1:22-cv-01158-SAB<br><br>ORDER VACATING ALL MATTERS AND REQUIRING PARTIES TO FILE DISPOSITIONAL DOCUMENTS<br><br>(ECF No. 21)<br><br>**JULY 2, 2024 DEADLINE** |

This action was filed on September 12, 2022. (ECF No. 1.) On June 11, 2024, the parties filed a notice of settlement of the action. (ECF No. 21.) The parties proffer that once the terms of the settlement are completed and payment is received, then the parties will file a stipulation of dismissal of the action with prejudice. The parties expect to file dismissal papers within 90 days. The parties concurrently request that the Court order the action be dismissed without prejudice and the Court continue to retain jurisdiction to enforce the terms of the settlement agreement. (Id. at 2.)

Given the parties express intent to file dispositional documents to dismiss the action *with* prejudice in ninety days, the Court construes the instant stipulation as a notice of settlement in accordance with Rule 160(a) rather than a stipulation to dismiss the action *without* prejudice pursuant to Rule 41(a)(1)(A)(ii). Therefore, pursuant to Local Rule 160(b), the Court is required to fix a date for dispositional documents to be filed within twenty-one (21) days, absent good cause shown to extend such time. While the parties state they anticipate filing dispositional documents within ninety days, they present no specific showing of good cause for extending the

1

time period set by the Local Rule. Accordingly, the Court shall set a deadline of twenty-one days based on the filing; however, the parties may request an extension through a stipulation demonstrating good cause for the needed extension. In this regard, the parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance, but rather settlement of the action.

Further this Court generally declines generic requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation . . . . [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

Accordingly, IT IS HEREBY ORDERED that:

1. All pending dates and matters are VACATED; and

2. The parties shall file dispositional documents on or before **July 2, 2024**.

IT IS SO ORDERED.

Dated:  **June 12, 2024**

UNITED STATES MAGISTRATE JUDGE