# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIPRIANA BAEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>    Defendant. | Case No. 1:22-cv-01158-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF No. 31) |

On November 7, 2024, a stipulation was filed dismissing this action with prejudice. The Court notes the proposed order requests that the Court retain jurisdiction over the terms of the parties' settlement agreement. (ECF No. 31-1.) However, the Court generally declines generic requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and such retention requires a subsequent order of approval from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation . . . . [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

The parties' proposed order requests that the Court retain jurisdiction "over the terms of the parties' settlement agreement." (ECF No. 31-1.) Thus, the terms of the settlement

1 agreement have been finalized and the agreement has been executed.  The parties therefore
2 request that the Court retain jurisdiction after dismissal for the unspecified performance of the
3 parties' agreement.  However, the parties fail to provide any facts showing good cause for the
4 Court to retain jurisdiction for mere performance of the finalized settlement agreement.
5 Accordingly, absent a showing of good cause, the Court denies the generic request to retain
6 jurisdiction following the stipulated dismissal.

7      In light of the stipulation of the parties, this action has been terminated, Fed. R. Civ. P.
8 41(a)(1)(A)(ii); <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997), and has been
9 dismissed with prejudice.

10      Accordingly, the Clerk of the Court is HEREBY ORDERED to CLOSE the file in this
11 case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **November 8, 2024**

                              STANLEY A. BOONE
                              United States Magistrate Judge